

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Overruled by WW-... where con...*

Hon. Tom L. Hartley
Criminal District Attorney
Hidalgo County
Edinburg, Texas

Dear Sir:                    Opinion No. O-1593
                             Re: Construction of Sections 5, 8,
                                 9 and 10 of Article 7345b of
                                 Vernon's Annotated Civil Stat-
                                 utes in a case where a taxing
                                 unit wishes to sell property
                                 which it purchased at a prior
                                 foreclosure sale.

        We are in receipt of your letter of October
16, 1939, in which you request an opinion of this de-
partment as to various matters of construction of Art-
icle 7345b of Vernon's Annotated Civil Statutes in a
case where a taxing unit wishes to sell property which
it purchased at a prior foreclosure sale.

        Section 5 of Article 7345b provides as fol-
lows:

        "Sec. 5.  Upon the trial of said cause
the Court shall hear evidence upon the reason-
able fair value of the property, and shall in-
corporate in its judgment a finding of the rea-
sonable fair value thereof, in bulk or in par-
cels, either or both, as the Court may deem
proper, which reasonable fair value so found
by the Court is hereafter sometimes styled
'adjudged value', which 'adjudged value' shall
be the value as of the date of the trial and
shall not necessarily be the value at the time
the assessment of the taxes was made; provided,
that the burden of proof shall be on the owner
or owners of such property in establishing the

'fair value' or adjudged value as provided in this section and, provided further that this section shall only apply to taxes which are delinquent for the year 1935 and prior years."

Section 8 of said Article provides as follows:

"Sec. 8. No property sold for taxes under decree in such suit shall be sold to the owner of said property, directly or indirectly, or to anyone having an interest therein, or to any party other than a taxing unit which is a party to the suit, for less than the amount of the adjudged value aforesaid of said property or the aggregate amount of the judgments against the property in said suit, whichever is lower, and the net proceeds of any sale of such property made under decree of court in said suit to any party other than any such taxing unit shall belong and be distributed to all taxing units which are parties to the suit which by the judgment in said suit have been found to have tax liens against such property, pro rata and in proportion to the amounts of their respective tax liens as established in said judgment, but any excess in the proceeds of sale over and above the amount necessary to defray the costs of suit and sale and other expenses hereinabove made chargeable against such proceeds, and to fully discharge the judgments against said property, shall be paid to the parties legally entitled to such excess."

Section 9 of said Article provides in part as follows:

"Sec. 9. If the property be sold to any taxing unit which is a party to the judgment under decree of court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said suit to have tax liens against such property, pro rata and in proportion to the amount of the tax liens in favor of said respective taxing units as established by the judgment in said suit, and costs and expenses shall not be payable until sale by such taxing unit so purchasing same, and such property shall not be sold by the taxing unit purchasing same for less than the adjudged value thereof or the amount of the judgments against the property in said suit, whichever is lower, without the written consent of all taxing units which in said judgment have been found to have tax liens against such property; and when such property is sold by the taxing unit purchasing same, the proceeds thereof shall be received by it for account of itself and all other said taxing units adjudged in said suit to have a tax lien against such property, and after paying all costs and expenses, shall be distributed among such taxing units pro rata and in proportion to the amount of their tax liens against such property as established in said judgment. Consent in behalf of the State of Texas under this Section of this Act may be given by the County Tax Collector of the county in which the property is located."

Section 10 of said Article reads as follows:

> "Sec. 10. The purchaser of property sold for taxes in such foreclosure suit shall take title free and clear of all liens and claims for taxes against such property delinquent at the time of judgment in said suit to any taxing unit which was a party to said suit or which had been served with citation in said suit as required by this Act."

Your first question relates to the authority of the tax collector to consent to the sale of property by one of the taxing units, which property it holds for itself and several other taxing units, for an amount less than the adjudged value. Section 9 of Article 7345b above quoted provides specifically for the sale of property by a taxing unit for an amount less than the adjudged value where said taxing unit obtains the written consent of all of the other taxing units which in a judgment have been found to have tax liens against such property. It is also provided therein that consent in behalf of the State may be given by the county tax collector of the county in which the property is located. We see, therefore, that the Legislature has specifically provided that the consent for and in behalf of the State of Texas is to be given in your case by your county tax collector. There can be no question but that the Legislature acted within its authority in placing this duty upon the tax collector.

Your second question is concerned with whether or not redemption receipts for the years 1937 and 1938 should be given to the purchaser from the taxing unit. Section 10 specifically provides that the purchaser of the property takes the same clear of all tax liens as of the date of judgment taken against said property. The date of the judgment in your case was May 20, 1938.

Article 7336 of Vernon's Annotated Civil Statutes prior to 1939 provided in part as follows:

"All ad valorem and poll taxes shall become delinquent if not paid by July first of the year next succeeding the year, for which the return of the assessment rolls of the county are made to the Comptroller of Public Accounts."

This statute was in force and effect at the time the judgment was taken in your case. Therefore, as of the date of your judgment, neither 1937 nor 1938 taxes were delinquent. Therefore, the taxes assessed for those two years still remain as valid liens against the property and would have to be paid in full before redemption receipts could be issued for said years.

Your third and fourth questions deal with certain fees that have been adjudged as court costs. You ask whether said costs should be paid prior to the apportionment to the taxing units of the proceeds of the sale of the property by the taxing unit selling the same. Your attention is called to the portion of Section 9 which reads as follows:

" * * *and when such property is sold by the taxing unit purchasing same, the proceeds thereof shall be received by it for account of itself and all other said taxing units adjudged in said suit to have a tax lien against such property, and after paying all costs and expenses, shall be distributed among such taxing units pro rata and in proportion to the amount of their tax liens against such property as established in said judgment."

The Legislature has here specifically provided that all costs and expenses in the suit shall be paid prior to the apportionment to the various taxing units of their respective shares and proceeds at the tax sale.

It is called to your attention, however, that the costs and expenses incurred in such a tax suit are not payable until after sale of the property is made by the taxing unit which purchased the same at the original sale. In Section 9 the Legislature specifically provided "and costs and expenses shall not be payable until sale by such taxing unit so purchasing the same." You are, therefore, advised that none of the court costs or expenses which include the non-resident notices and publishers' fees that are set out in your letter may be paid until after the property has been sold by the taxing unit which purchased the same at the first sale. After such sale, however, said costs are to be paid first out of the proceeds of said sale.

Our answers to your questions must of necessity depend upon statutory construction, as we have no judicial authority which construes the sections of this statute in question. We trust that the above discussion will sufficiently enlighten you as to the questions propounded in your letter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        Billy Goldberg
                  Billy Goldberg
                  Assistant

BC:LW

APPROVED NOV 1, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN